IN THE UNITED STATES COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

GRAHAM WOMACK
AUSTIN ORTEGA
MICHAEL BACHUS
JOHN BAZA                                    Case No. _____
DEDRICK CALLAHAN
ANTOINETTE ADAMS
ANTHONY CLAY
JUSTIN DILLARD
CHRISTOPHER DURAN
JOSHUA EDMON
GEORGE EXINIA
KAITLYN FORD
HEATHER GILLELAND
DUSTIN GRAHAM
JAROD GRIGSBY
MORGAN HARRISON
ROBERT HELM
CHRISTOPHER HERNANDEZ
DETRA HUMPHREY
NATHAN JOHNSON
LEVELT KING
ERIC LATHAM
KENNETH MANNING
LOGAN MCMAHILL
MARCUS MENDOZA
ZACKERY MERILATT
SHAWN O'BRIEN
MARIO ORTIZ
HANNAH PERDUE
CLAYTON PORCARO
JONATHAN RAMIREZ
HEATHER RAY
JUAN RIVERA
ANTHONY ROBERTS
ERIC ROHRER
MERCEDES SANCHEZ
MORGAN SMITH
TYLER SMITH
DAWAYNE SPRADLIN
TEODOSIO TAFOYA

JERMEL TREADWELL
THOMAS VAN BUNDY
KALLYSTA VECELLIO
GALEN WALLS
RYAN WATTS
TIFFANY WILLIAMSON
TORA WOMMACK,

                Plaintiffs,

                v.

THE UNITED STATES,

                Defendant.

## COMPLAINT

1.     Plaintiffs are current and former employees of Defendant United States Government at the U.S. Department of Justice, Bureau of Prisons, at the Federal Transfer Center ("FTC") Oklahoma City in Oklahoma City, Oklahoma ("the FTC" or "FTC OKC"). Plaintiffs bring this action against the defendant on behalf of themselves and other employees similarly situated for a declaratory judgment, back pay, and other relief, pursuant to 29 U.S.C. §§ 207(a) and 216(b); 28 U.S.C. §§ 2201 and 2202; and 5 U.S.C. § 5596, to remedy the willful and unlawful violations of federal law complained of herein.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1346(a)(2); and 29 U.S.C. § 216(b).

3.     Venue is proper pursuant to 28 U.S.C. § 1402(a)(1).

## PARTIES

4.    Each of the plaintiffs in this action is, or has been, an "employee" within the meaning of Title 5 of the U.S. Code, specifically 5 U.S.C. §§ 2105, 5102, and 5041, and within the meaning of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 203(e)(1).

5.    Each of the plaintiffs is a current or former correctional worker employed by the United States Department of Justice, Bureau of Prisons, at FTC Oklahoma City in Oklahoma City, Oklahoma. They have given their written consent to be party plaintiffs in this action pursuant to 29 U.S.C. § 216(b). The consent to sue forms are attached as Exhibit 1.

6.    Defendant United States is, and at all material times has been, an employer under Title 5 of the U.S. Code, specifically 5 U.S.C. §§ 5102 and 5541. Defendant United States also is, and at all material times has been, a "public agency" and "employer" within the meaning of the FLSA, 29 U.S.C. § 203(x) and § 203(d). Defendant employs, or has employed, the plaintiffs and other employees in similar activities.

## FACTS

7.    At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq*.

8.    At all times material herein, Plaintiffs have worked in excess of the hourly levels specified in the FLSA, 29 U.S.C. § 207, and, as a result, at all times material herein have been entitled to overtime compensation at a rate of not less than one and one-half times their regular rate of pay for all the hours of work in excess of 8 hours in a work day and/or in excess of 40 in a workweek.

9.      FTC OKC is a transfer facility, temporarily housing convicted criminals before they are transferred elsewhere in the federal prison system. As such, it holds offenders of all levels, including those destined for the most secure facilities in the federal prison system. It houses approximately 1,000 male and female criminals, including violent offenders, drug dealers, rapists, murderers, and gang members.

10.     The FTC is staffed 24 hours per day, 365 days per year, by correctional officers, including Plaintiffs. As correctional officers, Plaintiffs' primary job duty is to maintain the safety and security of the FTC, its inmates, and staff. They are charged with performing this job duty every moment that they are within the FTC—from the moment they begin clearing the mandatory security screening prior to their scheduled shifts until they exit the secure confines of the FTC after their scheduled shifts end.

11.     Plaintiffs perform their primary job duty by, among other things, excluding contraband from the FTC; searching for contraband; maintaining constant vigilance to identify potential security breaches, safety hazards, or other abnormalities; interacting with inmates to answer questions, correct behavior, and maintain discipline, standards, and relationships; ensuring that nothing out of the ordinary is otherwise occurring; and monitoring for and immediately addressing any issues that they observe or are made aware of—including emergencies such as fights or body alarms.[1]

12.     Plaintiffs perform their primary duty no matter their location at the FTC or

---

[1] A "body alarm" is an alarm carried on a correctional officer's person that sounds if the officer presses an emergency button or is in a non-vertical position for a sufficient period of time—*i.e.*, if they are on the ground and restrained, incapacitated, or otherwise unable to get up.

the time of day, including before or after their paid shifts begin and end. Plaintiffs respond to any issues, including emergencies, regardless of where at the FTC they occur or the time of day—including before and after their paid shifts begin and end.

13.     Plaintiffs are assigned to posts within the FTC. Most of the posts are staffed for 16 or 24 hours per day, although some are staffed for only 8 hours per day.

14.     When a post is staffed for 24 hours per day, the Defendant assigns a correctional officer to the post for a scheduled paid shift of 8 hours. For a 24-hour post, there are three 8-hour paid shifts daily, often referred to as Morning Watch, Day Watch and Evening Watch.

15.     There is no scheduled overlap for the three 8-hour shifts on the 24-hour posts. The Day Watch shift is from 8:00 a.m. to 4:00 p.m.; Evening Watch shift is from 4:00 p.m. to midnight; and Morning Watch shift is from midnight to 8:00 a.m.

16.     Plaintiffs are required to be on their assigned posts, in uniform, and with all assigned equipment and pertinent post information by the scheduled start of their paid and assigned shift. Failure to meet this requirement subjects Plaintiffs to discipline. Plaintiffs must remain on their posts until they are properly relieved. Failure to meet this requirement subjects the Plaintiffs to discipline.

17.     For the 24-hour posts, Plaintiffs perform more than 8 hours and 10 minutes of work each day because Plaintiffs perform work both before their scheduled paid start time and/or after the end of their scheduled paid shifts.

18.     Defendant does not compensate Plaintiffs for the time that Plaintiffs spend performing daily work outside of their regularly scheduled 8-hour shifts. At all times

material herein, Defendant has suffered or permitted Plaintiffs to work at least 10-15 minutes each shift, and sometimes more, before and after their scheduled shift times without compensating Plaintiffs for this work time.

19.    The 24-hour posts worked by Plaintiffs at FTC OKC include, but are not limited to: Control 1; Control 2; Cadre Officer, Special Housing Unit 1, Special Housing Unit 2, and Housing Units 3- and 5- A, B, C, D, E, and F.

20.    Defendant has deprived Plaintiffs and other similarly situated employees of overtime compensation by failing to compensate them for the time that it has suffered or permitted them to spend engaged in pre-shift activities, including but not limited to the work activities described in paragraphs 10-12 above and 21-32 below, which must be performed on FTC premises.

21.    On a daily basis, Plaintiffs begin their unpaid pre-shift work when they start the process of clearing the staff screening site in the FTC's entrance lobby. This process includes checking and emptying all pockets and removing all metal from their person— including required metal chains, chits,[2] and clips, which are necessary to secure keys and access equipment and without which they could not maintain the safety and security of the FTC—and passing their belongings, including any bags and lunchboxes as well as their required duty belts, through an x-ray machine while they walk through a metal detector. While engaging in this screening, Plaintiffs are performing their primary duty of maintaining the safety and security of the institution, ensuring no contraband enters the

---

[2] "Chits" are small, personalized metal medallions that Plaintiffs exchange for equipment, ensuring that each piece of equipment is always accounted for within the FTC.

FTC.

22.    The FTC is a secure, tightly-controlled environment, and the inadvertent introduction of any contraband compromises the safety and security of the FTC. In this environment, otherwise innocent items become threats to safety and security. Tobacco products, for example, may serve as informal currency used to transact for other illicit goods.

23.    The compensable (but unpaid) workday continues when, in the lobby after engaging in and clearing the screening site, Plaintiffs collect and don their duty belts and other required equipment, including metal chains, chits, and clips. These are required in order to safely carry and secure keys and equipment, including radios, handcuffs, and OC spray (pepper spray), as well as to access and ensure accountability for keys and equipment, necessary for maintaining the safety and security of the FTC.

24.    Retrieving and donning the duty belt and metal chains, chits, and clips must be performed on Defendant's premises after clearing the screening site because, *inter alia*, Plaintiffs cannot wear their duty belts and metal chains, chits, and clips as they walk through the upright metal detector without sounding the alarm. Collecting and donning equipment on the employer's premises is compensable work but unpaid at the FTC.

25.    Regardless of the post they are assigned to at FTC OKC, after Plaintiffs clear the staff screening site and collect and don their duty belt and other required equipment, Plaintiffs continue to perform pre-shift work activities as part of their workday for which they are not paid. For all posts, Plaintiffs perform their primary duty of safety and security while inside the FTC and on their way to their assigned posts after clearing the screening

site because they, at all times, must remain vigilant, alert, and ready to respond to emergencies. They must interact with inmates and actively monitor the FTC's premises for security vulnerabilities, disturbances, or contraband. They perform these pre-shift tasks without pay.

26.    After donning their duty belts, Plaintiffs proceed to their posts, continuing to perform their primary duty of maintaining the safety and security of the institution, including by monitoring for security vulnerabilities or breaches and safety hazards (and responding to any such breaches / hazards as necessary), searching for and excluding contraband, remaining vigilant and alert, and responding to emergencies, including body alarms. While proceeding to their posts and performing their primary duty, Plaintiffs pass through a series of interlocking gates, wherein they flip a chit to indicate their presence within the FTC, travel up at least one elevator, down multiple corridors, and through yet more secure gates or doors, before ultimately arriving at their posts.

27.    All the while, Plaintiffs continue to perform, unpaid, their primary duty of maintaining the safety and security of the institution. For example, Plaintiffs observe and correct inmate behavior, respond to inmate questions, check for security breaches, monitor for safety or security hazards, check for and exclude contraband, run to locations where body alarms sound, and respond to other events or emergencies as they arise. Failure to respond to an emergency results in discipline up to and including termination.

28.    Once Plaintiffs arrive at their posts inside the FTC they continue to perform unpaid work as they inspect, account for, and exchange equipment with the outgoing correctional officer assigned to that post.

29.     Plaintiffs also perform a vital (but unpaid) information exchange or briefing with the outgoing correctional officer about any significant security events that occurred the previous shift so that the oncoming correctional officer has all the important information he or she needs to maintain the safety and security of the FTC during the shift.

30.     While two officers—*i.e.*, the oncoming and outgoing officer— engage in this information and equipment exchange with each other on each post only one officer is paid for this work time because there is no scheduled, paid overlap between the shifts, even though there is, in fact, an overlap between the shifts.

31.     Defendant has also deprived Plaintiffs and other similarly situated employees of overtime compensation by failing to compensate them for the time that it has suffered or permitted them to engage in post-shift activities, all of which must be performed on FTC premises, including while walking from their posts after the end of their paid shifts.

32.     These activities include, but are not limited to, exchanging information and equipment on the assigned post with oncoming staff as described in paragraphs 28 and 29, remaining vigilant, alert, and ready to respond to emergencies while within the secured confines of the FTC, observing and correcting inmate behavior, responding to inmate questions, looking for contraband, checking for security breaches, monitoring for safety hazards, and responding to body alarms and other emergencies. Failure to respond to emergencies results in discipline up to and including termination. These activities are all part of Plaintiffs' workday and are compensable, but they are unpaid at the FTC.

33.     While the 24-hour correctional officer posts are primarily staffed with correctional officers, due to staff shortages "non-custody" correctional workers are often

"augmented" to cover correctional officer posts. "Non-custody" positions include but are not limited to workers assigned to food services, education, unit counselors, and correctional services officers.

34.    When non-custody workers are augmented and assigned to a correctional officer post, the non-custody workers perform the same unpaid work duties as correctional officers and arrive and depart at the same time that correctional officers working the same shift on the same post would. Thus, Plaintiffs who are non-custody workers have been suffered or permitted to perform the same unpaid work daily, as described above, to maintain the safety and security of the FTC. However, similar to the custody worker Plaintiffs, Defendant only compensates non-custody worker Plaintiffs for their scheduled hours of work and does not compensate them for their pre-shift or post-shift work when they work on correctional officer posts.

## COUNT I

### FAILURE TO PROPERLY COMPENSATE EMPLOYEES FOR ALL HOURS WORKED

35.    Plaintiffs hereby incorporate by reference Paragraphs 1 through 34 in their entirety.

36.    Section 7(a) of the FLSA, 29 U.S.C. § 207(a), provides that an employer shall compensate its employees at a rate not less than one and one-half times their regular rate for each hour employed in excess of 40 hours per week. In addition, section 551.501 of Part 5 of the Code of Federal Regulations, 5 C.F.R. § 551.501, provides that federal agency employers such as the Bureau of Prisons shall compensate their employees at a rate

of not less than one and one-half times the employees' regular rate of pay for all hours of work in excess of 8 in a day and/or 40 in a workweek.

37.    At all or some of the times material herein, Plaintiffs and other employees similarly situated have been entitled to FLSA overtime pay for all hours of work in excess of eight (8) in a day and/or forty (40) in a workweek.

38.    For federal employees such as Plaintiffs, time spent in a paid, nonwork status, such as holiday, paid leave, compensatory time off, and excused absences, is considered "hours of work" for purposes of calculating overtime entitlement. 5 C.F.R. § 551.401(c).

39.    At all or some of the times material herein, and since at least May 30, 2022, Plaintiffs have worked for Defendant at the FTC. At all times material herein, each of the Plaintiffs has worked hours in excess of forty (40) hours per week and/or eight (8) hours a day. In addition, at all times material herein, each of the Plaintiffs has performed uncompensated pre-shift and/or post-shift work.

40.    At all times material herein, Plaintiffs have been entitled to be compensated with overtime pay for time spent performing work prior to their paid shift start times. Defendant, however, has failed to count as work the pre-shift tasks that Plaintiffs regularly perform before their paid shift times, including the time that Plaintiffs spend clearing the required staff screening sites, picking up and donning equipment, security work performed inside the FTC and while walking to their assigned post, and completing a shift exchange with an outgoing correctional officer.

41.    At all times material herein, Plaintiffs have been entitled to be compensated with overtime pay for time spent performing work after the end of their scheduled paid

shift. The Defendant, however, has failed to count as work the post-shift tasks that Plaintiffs have performed after their paid shift times including the time that Plaintiffs spend completing a shift exchange with the oncoming correctional officer following their shift, security work performed while inside the FTC, including while walking from their assigned posts.

42.    Because the Defendant has failed to count as compensable work time the required pre- and post-shift tasks, Plaintiffs have not been compensated for all hours of work as required by the FLSA.

43.    By failing and refusing to pay Plaintiffs and other employees similarly situated the overtime pay required under law, Defendant has violated, and is continuing to violate in a willful and intentional manner, the provisions of the FLSA. As a consequence, at all times material herein, Plaintiffs have been unlawfully deprived of overtime compensation and other relief for the maximum statutory period allowed under federal law.

44.    As a result of the Defendant's willful and purposeful violations of the FLSA and Title 5, there have become due and owing to each plaintiff various amounts that have not yet been precisely determined. The employment and work records for each Plaintiff are in the exclusive possession, custody and control of Defendant and its public agencies and Plaintiffs are unable to state at this time the exact amounts owing to each of them. Defendant and its public agencies are under a duty imposed by the Government Accounting Office retention schedule, 29 U.S.C. §211(c), and various statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to Plaintiffs and other employees similarly situated from which the amounts of Defendant's

liability can be ascertained.

45.    Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the Defendant's failure to pay overtime compensation.

46.    Pursuant to the Back Pay Act, 5 U.S.C. § 5596, Plaintiffs are entitled to recover interest on their back pay damages for the defendant's failure to pay them overtime compensation.

47.    Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b), the Back Pay Act, 5 U.S.C. § 5596, as well as other applicable laws and regulations.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs, on their own behalf and on behalf of others similarly situated, pray that this Court:

(a) Enter judgment finding that the defendant has willfully and wrongfully violated its statutory obligations, and deprived each of the Plaintiffs of their rights under the FLSA and Title 5;

(b) Order a complete and accurate accounting of all the compensation to which the Plaintiffs are entitled;

(c) Award each Plaintiff monetary damages, including liquidated damages equal to their unpaid compensation, plus interest, not to exceed $10,000 per Plaintiff, inclusive of the attorneys' fees demanded in (d) below;

(d) Award Plaintiffs their reasonable attorneys' fees to be paid by the Defendant, and the costs and disbursements of this action, not to exceed $10,000 per plaintiff, inclusive of the damages demanded in (c) above; and

(e) Grant such other relief as may be just and proper.

Dated: October 14, 2025                    Respectfully submitted,

                                            _/s/Matthew R. Dowdell_____
                                            Matthew R. Dowdell, OBA # 20478
                                            Austin P. Bond, OBA# 22070
                                            Regan E. Rule, OBA #34546
                                            15 W. 6th St., Suite 2601
                                            Tulsa, OK 74119
                                            Phone: (918) 200-9626
                                            abond@bondgill.com
                                            mdowdell@bondgill.com
                                            rrule@bondgill.com

                                            _/s/ Sara L. Faulman_____
                                            Sara L. Faulman
                                            (*Pro Hac Vice Forthcoming*)
                                            Patrick J. Miller-Bartley
                                            (*Pro Hac Vice Forthcoming*)
                                            McGILLIVARY STEELE ELKIN LLP
                                            1101 Vermont Avenue, N.W.
                                            Suite 1000
                                            Washington, D.C.  20005
                                            Phone: (202) 833-8855
                                            Fax: (202) 452-1090
                                            slf@mselaborlaw.com
                                            pmb@mselaborlaw.com

                                            *Counsel of Record for Plaintiffs*

14